[No. 32663. Department One. February 16, 1954.]

ALEXANDER MENZIES, *Respondent,* v. H. RAY PEARSON *et al.,*
*Appellants.*[1]

*George H. Bovingdon,* for appellants.

*Clarence J. Coleman, Thomas G. McCrea,* and *Max Kosher,* for respondent.

[1]Reported in 266 P. (2d) 1038.

MALLERY, J.—Plaintiff secured a judgment for personal injuries and property damage sustained when his automobile ran into a pile of dirt on the highway. Defendants appeal.

August 22, 1947, was a bright sunny day. At about 5:30 p. m., respondent was driving westerly on the White school road, east of the town of Lake Stevens, at approximately thirty-five miles an hour. The highway in question is nearly level, sloping gently upward to the west until it reaches a bridge. Beyond the bridge, it rises more steeply until it reaches the crest of a slight hill, five hundred feet distant. At the time of the accident, the highway, looking westerly, would appear to run into the sun. The crest of the hill cast the highway in shadow as far back as the bridge.

Appellant Pearson, a contractor for the Snohomish county public utility district, was laying a pipe line parallel to the north side of this two-lane highway. He had piled dirt, two and one-half feet high, on the north lane of the highway westerly from the bridge to the crest of the hill.

The low western sun had interfered somewhat with respondent's vision, but, upon approaching the bridge and beginning the incline, he was completely dazzled by it. He took his foot off the gas, thereby reducing his speed by compression, and almost immediately thereafter struck the pile of dirt and overturned. The jury had the right to find, from the conflicting evidence, that no barricades or warning signs were posted to give notice of the hazard presented by the dirt on the traveled portion of the highway.

Appellants assign as error the giving of instruction No. 8, which reads:

"I instruct you that a traveller upon a public highway has a right to proceed upon said highway with the assumption that the highway is safe for travel until he knows or in the exercise of reasonable care should know that such is not the fact."

This is a correct statement of the law. 25 Am. Jur. 749, § 461. The determinative fact in this case is whether or not respondent should have known the dirt was on the highway.

Appellants contend that a shadow could not obscure

the pile of dirt on the highway, and that respondent saw the pile of dirt at the crest of the hill and was thereby warned of its presence at the point of impact. The test of keeping a proper lookout is a matter of law for the trial court to pass upon only where there is an opportunity to see the thing in question. Of course, one cannot be heard to say he looked and did not see what could be seen under the prevailing conditions. Here it is not conceded that by looking one could see the pile of dirt. The question is, therefore, one of fact for the jury. It was not error to give the instruction in question.

Appellants assign as error the refusal of the trial court to give a series of instructions which told the jury, in effect, that, in driving into the sun, one must exercise a very high degree of care and must stop when it prevents keeping an adequate lookout; and that respondent could not recover if, at the time of the accident, he was blinded by the sun long enough to have brought his vehicle to a stop before the collision.

The cases cited by appellants, in support of this contention, are not in point. In them, visibility was totally obscured by dust, fog, or lights so that the driver either ran off of the road or collided with a vehicle or person properly using the highway or sidewalk. Where one has the duty of yielding the right of way to another user of the highway, there is no presumption in favor of the disfavored driver that the intersection or highway ahead is empty. We do not give the instant respondent the benefit of such a presumption. We only say that if a man can see well enough to keep on his side of the road and avoid other users of the highway, he is entitled to the presumption that his side of the roadway is safe for travel until, by keeping a proper lookout, he knows or ought to know to the contrary. We know of no place where ordinary prudent drivers have a custom of stopping on east-west highways at sunrise and sunset.

The trial court properly refused to give the requested instructions, because they are not correct statements of the law. One is not required to stop at sunset for fear of unmarked hazards in the roadway.

Appellants contend the judgment was excessive. Respondent answers that six years after the accident he is still suffering from the injury to his back, and that it adversely affects him in his work. We are not prepared to say that a judgment for four thousand six hundred dollars, in such a case, is so excessive as to require a new trial.

The judgment is affirmed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.